# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KYLE KNOBLAUCH, JEFF
KUCHARSKI, and GEORGE
SCHLEY,

    Plaintiffs,

v.

DICK'S SPORTING GOODS, INC.,

    Defendant.

Case No. 24-CV-315-JPS

**ORDER**

## 1.     INTRODUCTION

Plaintiffs Kyle Knoblauch, Jeff Kucharski, and George Schley ("Plaintiffs"), individually and on behalf of all similarly situated employees of Defendant Dick's Sporting Goods, Inc. ("Defendant"), sue Defendant for breach of contract, breach of the implied duty of good faith and fair dealing, and unjust enrichment. ECF No. 1 at 11–14. Plaintiffs also purport to sue individually and on behalf of a "sub-class of Wisconsin employees" for violation of Wisconsin law. *Id*. at 14–15 ("Under Wis. Stat. [§] 109.03, as a result of Defendant's violation, [Defendant] is liable to Plaintiffs . . . and the Wisconsin Sub-Class for the full amount of wages due and owing, a penalty of up to 50% of the wages due and unpaid . . . ." (also citing Wis. Stat. § 109.01(3))); *see* ECF No. 10 at 1 (referring to a "wage and hour" claim).[1]

---

[1] Despite pleading a state wage and hour claim, ostensibly on behalf of a putative state-level sub-class, ECF No. 1 at 14–15, in their motion for class certification and preliminary settlement approval, Plaintiffs do not define or discuss any sub-class. They explicitly note in their motion that there is "one

In August 2024, the Court ordered Plaintiffs to request entry of default or otherwise update the Court as to the status of this case following Defendant's failure to timely answer or otherwise respond to the complaint. August 14, 2024 text order. The parties have since informed the Court that they have agreed to settle this matter. ECF Nos. 6, 8. Now before the Court is Plaintiffs' motion for preliminary settlement approval and "conditional" class certification. ECF No. 10.[2] Plaintiffs also request that the Court appoint Plaintiffs as class representatives, appoint Plaintiffs' counsel as class counsel, approve the proposed notice plan, and schedule this matter to proceed to a final fairness hearing. Because there are several obstacles to class certification and preliminary settlement approval at this juncture, the Court will deny the motion in its entirety without prejudice.

## 2.   FACTUAL BACKGROUND[3]

Defendant is a nationwide retailer of sporting goods and has over 800 stores and 50,000 employees across 48 states. A small percentage of

---

defined Class," and it is defined on a nationwide basis. ECF No. 10 at 4, 7 (referring to "the Nationwide Class").

[2] Although Plaintiffs characterize their request for class certification as "conditional," *see* ECF No. 10 at 6, they appear to have done so in error. The phrase conditional certification is typically used in the FLSA context, which is not at play here. *See Ferreras v. Am. Airlines, Inc.*, 946 F.3d 178, 183 (3d Cir. 2019) ("Rule 23, unlike the FLSA, does not allow for conditional certification." (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013))); *see also Babbitt v. Target Corp.*, Civil No. 20-490 (DWF/ECW), 2022 U.S. Dist. LEXIS 151783, at *4 (D. Minn. Aug. 24, 2022) ("'Rule 23 actions are fundamentally different' from collective actions under the FLSA. . . . 'Whatever significance "conditional certification" may have in § 216(b) proceedings, it is not tantamount to class certification under Rule 23.'" (quoting *Genesis*, 569 U.S. at 74, 78)).

[3] The following factual background is drawn from Plaintiffs' motion for preliminary settlement approval and class certification, ECF No. 10, which Defendant did not oppose. Citations thereto are omitted for brevity.

those retail stores have a more sophisticated golf department and are designated as "Pro+" stores. The Pro+ stores carry a larger selection of golf equipment, and their golf sales associates are specifically trained and qualified to sell golf equipment. Depending on the size of the Pro+ store, anywhere from 2-6 employees may be employed as a salesperson within the Pro+ golf department.

In the first quarter of 2021, Defendant began providing its employees in certain Pro+ stores with an opportunity to earn commissions for selling specific, pre-determined golf products. In 2023, Defendant expanded its commission program (the "Premium Equipment Commissions Program" or "PECP") to include employees that custom fit or directly assist in the selection and sale of a commission product ("Commissioned Salespersons"). Commissioned Salespersons were eligible to receive a commission of up to 3% on the sale of commissionable products, but the amount of potential commission varied by manufacturer and product. Commissioned Salespersons were also required to follow a specific protocol to submit and qualify to earn commissions on the sale of qualifying products.

Plaintiffs were and are employed with Defendant as salespersons at one of its Pro+ stores. Plaintiffs allege that they were not informed of Defendant's PECP upon being hired or anytime thereafter. Plaintiffs later learned of the PECP and brought it to Defendant's attention. Plaintiffs allege that, based upon their review of Defendant's confidential and proprietary data, thirteen of Defendant's Pro+ stores may not have paid commissions in strict accordance with the PECP. Defendant disputes that any additional commissions are owed and denies any liability.

### 3. CERTIFICATION OF THE NATIONWIDE CLASS

There are several issues that prevent the Court from granting Plaintiff's motion for class certification and preliminary settlement approval at this juncture. The first relates to certification of the proposed nationwide class.

Class certification is governed by Federal Rule of Civil Procedure 23, which affords the "district court . . . broad discretion to determine whether certification of a class is appropriate." *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993) (citing *United Indep. Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1274, 1283 (7th Cir. 1985)). "[T]he party seeking class certification assumes the burden of demonstrating that certification is appropriate." *Id.* (citing *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984)).

Plaintiffs' complaint purports to seek certification of a nationwide class comprised of "[a]ll individuals currently or formerly employed by Defendant Dick's Sporting Goods in a Pro+ store as commissioned salespersons who were employed on or after January 1, 2021." ECF No. 1 at 9 (the "Nationwide Class"). In their motion, however, they define the Nationwide Class as: "All of Defendant's employees employed at a Relevant Store who were eligible to receive a commission under Defendant's Premium Equipment Commissions Program ('P[EC]P') during the Class Period." ECF No. 10 at 4. There are 13 such Relevant Stores, *id.* at 5, but Plaintiffs' submissions do not specify the states in which those thirteen Relevant Stores are located. Although it is not clear where each of the Relevant Stores are located, the Court assumes by virtue of Plaintiffs' use of the word "[n]ationwide" that they span multiple states. ECF No. 10

at 7; *see also* ECF No. 1 at 3 ("[N]early all of the prospective Class Members are citizens of a state other than Wisconsin.").

Although Plaintiffs purport to sue on behalf of the Nationwide Class on claims of breach of contract, breach of the implied duty of good faith and fair dealing, and unjust enrichment—claims arising under state law[4]—ECF No. 1 at 11–14, their submissions fail to acknowledge that "[i]n a multi-state class action, 'a district court must consider how variations in state law affect predominance and superiority.'" *In re McDonald's French Fries Litig.*, 257 F.R.D. 669, 673 (N.D Ill. 2009) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996) and citing *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002)). "No class action is proper unless all litigants are governed by the same legal rules." *In re Bridgestone*, 288 F.3d at 1015. "Otherwise the class cannot satisfy the commonality and superiority requirements of Fed. R. Civ. P. 23(a), (b)(3)." *Id.*

Neither Plaintiffs' complaint nor their motion for class certification clarifies under what state's law their state law claims are brought. "When a class representative proposes to certify a class to pursue state-law claims, a court must ensure that its choice of state law 'is not arbitrary or unfair.'" *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 583 (N.D. Ill. 2008) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 814–16 (1985)); *id.* ("A district court's duty to determine whether the plaintiff has borne its burden on class certification requires that a court consider variations in state law when a class action involves multiple jurisdictions." (quoting *Castano*, 84 F.3d at

---

[4] *E.g., Sroga v. Laboda*, 748 F. App'x 77, 79 (7th Cir. 2019) ("Breach of contract is a claim arising under state law."); *Vulcan Golf, LLC v. Google Inc.*, 254 F.R.D. 521, 531 (N.D Ill. 2008) ("The plaintiffs' claim of unjust enrichment is made pursuant to state law, which, in this multi-state class action, may vary.").

741)). "Inexplicably, despite seeking to certify nationwide classes, Plaintiffs did not address choice-of-law at all in their opening brief. That, in and of itself, is problematic." *Reichardt v. Electrolux Home Prods.*, No. 17-cv-0219-bhl, 2023 U.S. Dist. LEXIS 40416, at *8–9 (E.D. Wis. Mar. 10, 2023) (citing *Cunningham Charter Corp. v. Learjet, Inc.*, 258 F.R.D. 320, 332–33 (S.D. Ill. 2009)).[5]

This issue is particularly salient given the specific state-law claims that Plaintiffs bring. Courts commonly deny multi-jurisdiction class certification with respect to unjust enrichment claims, for example, on the grounds that the law governing such claims varies widely from state to state, rendering "class-wide resolution" "inferior[]." *Vulcan Golf*, 254 F.R.D. at 532–33 (quoting *In re Conagra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. 689, 697 (N.D. Ga. 2008) and collecting cases); *see also Harris v. Rust-Oleum Corp.*, No. 21-cv-01376, 2022 U.S. Dist. LEXIS 57648, at *12–13 (N.D. Ill. Mar. 30, 2022) (quoting *In re McDonald's*, 257 F.R.D. at 673–74 and *In re Aqua Dots Prods. Liab. Litig.*, 270 F.R.D. 377, 386 (N.D. Ill. 2010)).

The second issue relates to the fact that, as earlier noted, Plaintiffs purport to sue on behalf of a state-level subclass for a Wisconsin wage and hour claim. ECF No. 1 at 14–15. But Plaintiffs do not specifically seek Rule 23 certification with respect to any subclass; they define only the Nationwide Class and argue that the Nationwide Class should be certified. ECF No. 10 at 4, 6–11. Some provisions and terms within Plaintiffs' proposed Settlement Agreement, however, demonstrate Plaintiffs'

---

[5]Although the parties' proposed Settlement Agreement includes a choice of law provision, it is not clear whether that provision is intended to govern the substantive law of the underlying claims of this case. ECF No. 12-1 at 27 ("All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Wisconsin.").

intention to settle their Wisconsin wage and hour claim in Count Four (which is pleaded solely on behalf a state-level subclass) in addition to Counts One through Three, which are brought on behalf of the Nationwide Class. ECF No. 12-1 at 5 (noting that the parties "agreed to resolve this Lawsuit" without qualification as to specific claims); *see also* ECF No. 10 at 1 (describing the proposed settlement of "contract and *wage and hour* claims (emphasis added), 9 ("Plaintiffs' Counsel . . . has substantial experience litigating wage and hour actions . . . ."). For example, the proposed Settlement Agreement references Plaintiffs' demand for "wages" and "penalties," ECF No. 12-1 at 5; clarifies that "40% of the Class Member Payments shall be allocated to penalties and 60% of the Class Member Payments shall be allocated to wages," *id.* at 11; and provides for class members' release of claims, including Wisconsin wage and labor claims under Wis. Stats. §§ 109.01(3) and 109.03, *id.* at 14. In other words, the parties are proposing a settlement of claims including those asserted solely on behalf of a state-level subclass, without defining or attempting to seek certification of that subclass and after having explicitly limited their motion for class certification to "one defined Class." ECF No. 10 at 4.

"A class may be divided into subclasses, but each subclass is treated as a class under Rule 23." *Smentek v. Sheriff of Cook Cnty.*, No. 09 C 529, 2016 U.S. Dist. LEXIS 141759, at *4 (N.D. Ill. Oct. 13, 2016) (citing Fed. R. Civ. P. 23(c)(5) and *Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 368 (7th Cir. 2012)). "Subclasses must satisfy the class action requirements before they may be certified." *Retired Chi. Police,* 7 F.3d at 599 (citing Fed. R. Civ. P. 23(c)(4)). "At an *early practicable time* after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A) (emphasis added);

*see also Simer v. Rios*, 661 F.2d 655, 685 (7th Cir. 1981) (Swygert, J., dissenting) ("[I]n most cases the class certification issue should be addressed by the district court prior to approval of a settlement and dismissal . . . ." (citing *Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 870 (7th Cir. 1978))). Plaintiffs do not explain why the Court can or should proceed to preliminary settlement approval in the absence of certification as to all classes and subclasses involved. *See Simer*, 661 F.2d at 685 (citing *Wallican v. Waterloo Cmty. Sch. Dist.*, 80 F.R.D. 492, 493 (N.D. Iowa 1978); *McArthur v. S. Airways, Inc.*, 556 F.2d 298, 302–03 (5th Cir. 1977); and *Magana v. Platzer Shipyard, Inc.*, 74 F.R.D. 61, 66 (S.D. Tex. 1977)). Accordingly, if Plaintiffs want to proceed to settlement of their Wisconsin wage and hour claim as pleaded in Count Four on behalf of a Wisconsin subclass, then they should seek Rule 23 certification as to that subclass in addition to the Nationwide Class. At present, they have not attempted to do so, nor have they attempted to explain why they need not do so.

For all these reasons, the Court will deny Plaintiffs' motion for preliminary settlement approval and class certification without prejudice. Should Plaintiffs wish to renew their motion, they must address the issues discussed herein. Plaintiffs may renew their motion for preliminary settlement approval and class certification, if at all, within **sixty (60) days** of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiffs Kyle Knoblauch, Jeff Kucharski, and George Schley's motion for preliminary settlement approval and class certification, ECF No. 10, be and the same is hereby **DENIED without prejudice**. Plaintiffs may renew their motion for preliminary settlement approval and class certification, if at all, within **sixty (60) days** of this Order.

Page 8 of 9
Case 2:24-cv-00315-JPS    Filed 02/12/25    Page 8 of 9    Document 13

Dated at Milwaukee, Wisconsin, this 12th day of February, 2025.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge